UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GORDON L. STOCKENAUER,

    Plaintiff,

                                                         Case No. 18-cv-12140
v.                                                   Hon. Linda V. Parker

JOAN ALFREY, ET. AL,

    Defendants.
_____/

## ORDER TRANSFERRING CIVIL RIGHTS COMPLAINT TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

Gordon L. Stockenauer, a Michigan Prisoner currently residing at the Earnest C. Brooks Correctional Facility in Muskegon, Michigan, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. The complaint asserts that the Defendants, Michigan Department of Corrections personnel at the Earnest C. Brooks Correctional Facility, violated his constitutional rights in handling a grievance concerning an alleged attack on plaintiff by another inmate. For the reasons stated below, the Court will transfer this matter to the Western District of Michigan for further proceedings.

The defendants reside in Muskegon, Michigan. The events described in the complaint are alleged to have occurred in Muskegon, Michigan. Muskegon County is located within the boundaries of the Western District of Michigan. The

proper venue for civil actions is in the judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) any defendant may be found if there is no other district in which the plaintiff may bring the action. 28 U.S.C. § 1391(b).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought." *See Weatherford v. Gluch*, 708 F. Supp. 818, 819 (E.D. Mich. 1988) (quoting 28 U.S.C. § 1404(a)). Venue of a lawsuit may be transferred sua sponte for the convenience of parties or witnesses. *See Sadighi v. Daghighfekr*, 36 F. Supp. 2d 267, 278 (D.S.C. 1999).

The Court concludes that both for the convenience of the parties and witnesses, as well as in the interests of justice, the present matter must be transferred to the Western District of Michigan where the Defendants are located and the events in the complaint are alleged to have occurred.

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

It is noted that this Court has not decided whether Plaintiff may proceed in this action in forma pauperis nor has the Court reviewed Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, or under 42 U.S.C. § 1997e(c).

**IT IS SO ORDERED.**

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: July 16, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 16, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury  
Case Manager